(87 Misc. Rep. 33.)

### RICHARDSON v. SEARLES et al.

(Supreme Court, Special Term, New York. County. January, 1902.)

MORTGAGE FORECLOSURE—DEFAULT OF PURCHASER—DEPOSIT.

Certain property was sold on foreclosure on condition that the pur-
chaser should be liable for any deficiency which might occur on a re-
sale. A deposit was made by the purchaser, who failed to complete
the purchase. *Held*, that a judgment creditor of the mortgagor was not
entitled to any surplus of such deposit, as the liability of the purchaser
was limited to the deficiency, and any balance should have been re-
turned to him.

Action by Mary G. Richardson against Arthur C. Searles and
others. To the report of a referee in surplus money proceedings
certain creditors filed exceptions. Report affirmed.

Austin B. Fletcher (Joseph M. Lesser, of counsel), for claimant
Hubbell.

Shepard, Houghton & Stoddard (Joseph McElroy, Jr., of coun-
sel), for claimant Barrett.

RUSSELL, J. The diligence of counsel has discovered no direct
precedent to solve the controversy, and the principle involved is of
importance, although the amount at stake is small. The claimant
Barrett paid a deposit of $2,300 on a bid of $23,000 at a foreclosure
sale, and refused to complete the purchase from choice or inability.
By the terms of sale there was no expressed forfeiture of the de-
posit, but it was provided that the purchaser should be liable for
any deficiency on a resale. On the resale the premises brought.
$21,250, which left a surplus of $550 in the deposit, lessened some-
what by expenses. Barrett claims this part of her deposit. Hub-
bell, judgment creditor of the mortgagor, asserts that he is entitled
to it. The referee, under the usual order of reference in surplus.
proceedings, reports in favor of Barrett. The exceptions of Hub-
bell to the report are now the subject of this consideration.

Had Barrett completed her purchase the $2,300 would have gone
from her, but she would have had the land. The court could have
compelled her to complete that purchase if she was able to respond,
not because she had made a contract with any one, but because
she had voluntarily subjected herself to the jurisdiction of the court.
Election was, however, made to simply hold her liable for the defi-
ciency on resale, and take·from her all interest in the land tenta-
tively acquired by her bid and deposit. The limit of her liability,
therefore, was that deficiency, and, had she made no deposit, a re—

covery could only be had therefor, with the expenses necessitated to show what the deficiency was. Has she forfeited a sum beyond that liability because she made a deposit to secure it, even though there was no forfeiture clause in the terms of sale?

That $2,300 stood simply as security for the deposit. The sum was hers except as bound by the incumbrance.. That incumbrance satisfied, the security is released. Had there been no deficiency there would have been no loss by her default, and all would have gone back to her. Even as it is, had she completed her purchase the judgment creditor would have received nothing, for all would have gone to the plaintiff. Shall we now add to the proceeds of sale part of the funds deposited on an uncompleted prior sale for the benefit of a judgment creditor of the mortgagor, and at the expense of a person who has already lost much? If so, had the deposit been fifty per cent. instead of ten, all the judgments against the mortgagor might be paid, and he have a comfortable balance far above the real value of his property, with the mortgage deducted. The judgment creditor only takes by lien on his right to the surplus.

The position of a purchaser at judicial sale and that of one who makes a contract with another to buy personalty or realty are widely different. The latter pays out money which vests at once in the seller. The buyer may not regain title to that money by his own default, although even then slight equities may give him relief. He does not pay that money as a "deposit," but to acquire a part interest in the thing sold. On a judicial sale the purchaser gets no interest in the property by his bid and deposit; the court may refuse to confirm, and he cannot compel performance by full tender; he has given security that he will abide by what the court directs; that court will deal fairly by him, and return his money if it refuses to sanction the sale, or the balance of that security after the loss is satisfied, if he is unable to fulfill. The referee's report is confirmed.

Referee's report confirmed.